**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Monserate Fernandez, | : |
| | : |
| Plaintiff, | : |
| v. | : Civil Action No.: _____ |
| | : |
| Peter J. Craig & Associates, P.C.; DOES 1-5, | : |
| inclusive | : |
| | : |
| Defendants. | : |
| | : |

## CLASS ACTION COMPLAINT

Plaintiff Monserate Fernandez, by and through his undersigned counsel, pleading on his own behalf and on behalf of all others similarly situated, states as follows:

## JURISDICTION AND VENUE

1.      Plaintiff, Monserate Fernandez, by and through his undersigned counsel, seeks redress for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*, by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.      This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA") against the Plaintiff and class members.  Pursuant to 15 U.S.C. §1692k(d), this Court has jurisdiction over actions arising out of violations of the FDCPA.

3.      Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over all other claims in this action, as all such claims arise out of the same case or controversy that is described herein.

1

4.      Pursuant to 28 U.S.C. §1391(b), venue is proper in this District, as Defendants transact business in this District and a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

5.      The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

6.      The Plaintiff, Monserate Fernandez ("Plaintiff"), is an adult individual residing in Queens, New York, and is a "consumer" as the term is defined by 15 U.S.C. §1692a(3).

7.      Upon information and belief, the entity, persons, or person operating under the name "Peter J. Craig & Associates, P.C." (hereinafter "Peter J. Craig & Associates, P.C.") operates in the State of New York with a mailing address of P.O. Box 439, Pittsford, NY 14534.

8.      Upon information and belief, Peter J. Craig & Associates, P.C., is not a personal corporation that is authorized to do business in the State of New York.

9.      Based on a review by the Plaintiff's counsel, the New York State Department of Corporations' Business Entity Database does not contain an entry for an entity named "Peter J. Craig & Associates, P.C."

10.     Upon information and belief, "Peter J. Craig & Associates, P.C." is a fictitious name.

11.     Peter J. Craig & Associates, P.C., is operating as a collection agency and is a "debt collector" as the term is defined by 15 U.S.C. §1692a(6).

12.     Peter J. Craig & Associates, P.C., does not have a debt collector license, as required by New York City Admin. Code §20-490.

13.     DOES 1-5 (the "Collectors") are individuals employed by Peter J. Craig & Associates, P.C., whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

14.     At all times, Peter J. Craig & Associates, P.C., acted by and through one or more of the Collectors.

15.     All causes of action alleged in this Complaint are brought on behalf of the Plaintiff and the members of a similarly situated class.

16.     The Plaintiff proposes two classes to be defined as follows:

      a.   **CLASS A: All consumers who reside in the State of New York 1) to whom Defendants sent a file balance report, account statement, or any similar list of charges regarding an alleged debt, and 2) whose balance report, account statement, or list of charges contained charges that were either a) false, or b) impermissible.**

      b.   **CLASS B: All consumers who reside in the State of New York to whom Defendants sent correspondence under the name of "PETER J. CRAIG & ASSOCIATES, P.C.," which is a false name that violates, *inter alia,* 15 U.S.C. §1692e of the FDCPA.**

17.     Pursuant to Federal Rule of Civil Procedure 23, a class is appropriate and preferable in this case because:

      a.   Based on the fact that form collection statements (and general correspondence from the Defendants) are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

b.  There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members.  The principal question presented by this claim is whether Defendants violated the FDCPA and N.Y. GBS. Law §601.

c.  Identification of the consumers who received the correspondence from the Defendants, described more fully in the class definitions, *supra*, is a matter of ministerial determination from the records of the Defendants.

d.  The precise number of consumers in this class is unknown at this time and can only be discerned through discovery.  However, upon information and belief, the Defendants transmitted the correspondence described more fully in the class definitions, *supra*, to hundreds or thousands of consumers.  Therefore, the members of the class are believed to be so numerous that joinder of all members is impractical.

e.  The exact numbers and identities of class members are unknown at this time and can only be ascertained through discovery.  Identification of the class members is a matter capable of ministerial determination from the Defendants' records.

f.  The claims of the Plaintiff for this cause of action are typical of those of the class members.  All are based on the same facts and legal theories.

g.  The Plaintiff will fairly and adequately represent the class members' interests.  The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.  The Plaintiff's interests are consistent with those of the members of the class.

4

h.  A class action is superior for the fair and efficient adjudication of the class members' claims.  Congress specifically provided, at 15 U.S.C. §1692k, for the commencement of class actions as a primary means of enforcing the FDCPA.

i.  Absent a class action, most members of the class would find the cost, time, and ability of engaging in protracted litigation prohibitive and, therefore, would have no effective remedy at law.

j.  The members of the class are individuals consumers whose rights will not be vindicated in the absence of a class action.

k.  The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

l.  Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the Defendant and other debt collectors.  Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

m.  The amount of damages at issue is such that proceeding by way of a class action is the only economical and sensible manner to vindicate the injuries sustained by Plaintiff and the other members of the class.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

18.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19.     The Plaintiff allegedly incurred a financial obligation in the approximate amount of $11, 354.63 (the "Debt") to the Rochester Institute of Technology (the "Creditor").

20.     The alleged Debt is a Perkins Loan.  Perkins Loans are governed by the Higher Education Act of 1965, 20 U.S.C. §1001, *et seq.*

21.     The alleged Debt arose from services provided by the Creditor which were primarily for family, personal, or household purposes and which conforms with the definition of a "debt" under 15 U.S.C. § 1692a(5).

22.     The alleged Debt was purchased, assigned, or transferred to Peter J. Craig & Associates, P.C., for collection, or Peter J. Craig & Associates, P.C. was employed by the Creditor to collect the alleged Debt.

23.     The Defendants attempted to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

24.     As stated *supra*, Peter J. Craig & Associates, P.C., is not authorized to do business in the State of New York.

25.      As stated *supra*, Peter J. Craig & Associates, P.C., does not hold a valid debt collector license.

26.      In about August or September, 2012, the Plaintiff received a letter (dated August 22, 2012) from Defendant Peter J. Caig & Associates, P.C., which stated, in part, "enclosed

please find copies of your Perkins Loan Promissory Notes.  I have also enclosed a Statement of Account [(hereinafter "Statement"])."

27.    The above-mentioned Statement was a one-page computer printout that was entitled "***Peter J. Craig & Associates, P.C.*** DEBTOR FILE BALANCE REPORT...Judgment Date: 00/00/00…Judgment Amount: $0.00."

28.    The third entry of the Statement contained an amount of $2,083.93, which was marked as "Attorney Fees," and dated 02/11/04.

29.    The Statement contained no explanation of why "Attorney Fees" were charged in 2004.

30.    Upon information and belief, no legal proceeding was initiated in 2004 against the Plaintiff concerning the Debt.

31.    Upon information and belief, the Statement entry described in paragraph 28 above is false, as the Plaintiff's account was not reviewed by an attorney (for collection or otherwise) in 2004.

32.    As stated in the paragraphs *infra*, the Statement indicates the Plaintiff was served with a summons three times in four months.

33.    Upon information and belief, all Statement entries related to the initiation of a legal proceeding against the Plaintiff are false.

34.    The seventeenth entry of the Statement, which is dated 03/21/07, contains a $210.00 charge for "Disbursement – Index & App…"

35.    The eighteenth entry of the Statement, which is dated 04/25/07, contains a $90.00 charge for "Disbursement – Service of S&C."

36.     The nineteenth entry of the Statement, which is dated 07/24/07, contains a $90.00 charge for "Disbursement – Service of S&C."

37.     The twentieth entry of the Statement, which is dated 08/28/07, contains a $90.00 charge for "Disbursement – Serve summons."

38.     The twenty-second entry of the Statement, which is dated 09/11/07, contains a $45.00 charge for "Disbursement – Filing Fee…"

39.     The twenty-fifth entry of the Statement, which is dated 04/29/09, contains a $210.00 charge for "Disbursement – Filing Fee Sum."

40.     The entries described in paragraphs 34 to 38 above are false, as the Plaintiff was never served with a summons and complaint in 2007 regarding this alleged Debt.

41.     The entry described on paragraph 39 is false, as the Plaintiff was never served with a summons and complaint in 2009.

42.     The Statement indicates that interest on the Plaintiff's account is accumulating at 5% per annum.

43.     According to the Statement, the accumulating interest includes interest on attorneys fees and charges relating to filing costs.

44.     The underlying promissory note between the Plaintiff and the Creditor (hereinafter "Promissory Note") permits a debtor to be charged with "collection costs," but does not permit interest to be charged on such collection costs.

45.     The Promissory Note does not permit interest to be charged on attorneys fees.

46.     The Promissory Note does not permit interest to be charged on costs related to filing a lawsuit.

8

47.     The Defendants sent the Plaintiff a Statement containing attorneys fees, filing costs, and service costs which are false.

48.     The Defendants sent the Plaintiff the above-mentioned false and severely inaccurate Statement in order to harass, abuse, and intimidate the Plaintiff.

**Plaintiff Suffered Actual Damages**

49.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

51.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

52.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692, et seq.**

53.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54.     The Defendants' conduct violated 15 U.S.C. §1692e(14) in that Defendants used a business name that was not its true name.

9

55.     The Defendants' conduct violated 15 U.S.C. §1692e in that Defendants used a false entity name and attempted to collect amounts not authorized by the underlying agreement.

56.     The Defendants' conduct violated 15 U.S.C. §1692e(2)(B) in that Defendants misrepresented services rendered in connection with the collection of the Debt.

57.     The Defendants' conduct violated 15 U.S.C. §1692e(10) in that Defendants employed false and deceptive means to collect a debt.

58.     The Defendants' conduct violated 15 U.S.C. §1692e(2)(A) by misrepresenting the amount of the Debt.

59.     The Defendants' conduct violated 15 U.S.C. §1692e(5) by threatening to take an action (i.e., threatening to collect an amount that is greater than what is legally permissible) that they were not entitled to take.

60.     The Defendants' conduct violated 15 U.S.C. §1692f in that Defendants used unfair and unconscionable debt collection tactics by providing a Statement with invalid charges.

61.     The Defendants' conduct violated 15 U.S.C. §1692d in that Defendants engaged in activity the natural consequence of which was to harass and oppress the Plaintiff.

62.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

63.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW
## N.Y. GBS. Law §601, *et seq.*

64.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

65.     The Defendant violated N.Y. GBS. Law §601, *et seq.*, by knowingly collecting, attempting to collect, and/or asserting a collection fee, attorney's fee, court cost, and/or expense that was not justly due or legally chargeable against the Plaintiff and class members.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages including, but not limited to, the emotional distress the Plaintiff has suffered and continues to suffer as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy pursuant to 15 U.S.C. §1692k(a)(1);

2. Awarding the Plaintiff and class members actual and statutory damages pursuant to 15 U.S.C. §1692k;

3. Declaring that the Defendants' actions violated N.Y. GBS. Law §601;

4. Awarding the Plaintiff and class members damages permissible under N.Y. GBS. Law §601;

5. Assessing against the Defendants any other penalties under N.Y. GBS. Law §601;

6. Awarding the Plaintiff costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k(a)(3); and

7. Granting such other and further relief that the Court may deem just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated:  October 13, 2012

                              Respectfully submitted,

                              By:   /s/ Hashim Rahman
                                     Hashim Rahman, Esq.

                                     Rahman Legal
                                     155 Water Street
                                     Brooklyn, NY 11201
                                     hrahman@rahmanlegal.com
                                     Phone: (347) 433-6139
                                     Fax: (347) 382-9457