UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

MONSERATE FERNANDEZ,

        Plaintiff,

      - against -

PETER J. CRAIG & ASSOCIATES, P.C., et al.,

        Defendants.

- - - - - - - - - - - - - - - - - - -X

MEMORANDUM & ORDER

CV 2012-5168 (NG)(MDG)

    In order to facilitate the exchange of information, at a conference on April 5, 2013, the Court entered a blanket protective order limiting disclosure of "all documents concerning non-parties to counsel and parties only until a more limited protective order is entered protecting the personal and financial information of non-parties." On June 24, 2013, the parties submitted a proposed modification of the protective order although they disagreed as to whether use of protected documents should be limited to this litigation and whether such documents should be returned to the producing party or destroyed at the conclusion of this litigation. See ct. doc. 39. Plaintiff now moves for modification of the blanket protective order to provide only for redaction of social security numbers, street addresses, phone numbers, email addresses and all but the first initial of a first name of non-parties. See ct. doc. 49. At this Court's request, plaintiff's counsel has submitted documents which he

believes are representative of the documents currently subject to the blanket protective order.  See ct. doc. 51.

## DISCUSSION

Plaintiff argues that the public has a First Amendment right of access to discovery materials.  However, the public's right of access to discovery is limited to "judicial documents" -- i.e., those documents that are filed with the court and are relevant to the performance of Article III functions.  See SEC v. TheStreet.com, 273 F.3d 222, 231 (2d Cir. 2001); United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995).  Because materials obtained in discovery were not "open to the public at common law" and because "[m]uch of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action," restraints on dissemination of "discovered, but not yet admitted, information are not a restriction on a traditionally public source of information."  Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33 (1983); Strauss v. Credit Lyonnais, S.A., 2011 WL 4736359 at *3 (E.D.N.Y. 2011).

Even though the public's right of access will be implicated when and if documents produced in discovery are submitted in connection with trial or a dispositive motion, the concerns over the privacy interests of third parties remain.  From review of the documents, the Court notes that the documents all bear a loan

file number.  Since the actual identities of the non-party borrowers are not likely to be relevant to the issues at hand, this Court finds that their privacy concerns should be protected as follows.  Should any Confidential Documents need to be submitted to the Court, all identifying information, such as names, social security numbers, house numbers, street names, zip codes, email addresses, phone numbers and dates of birth, should be redacted, except for the loan file number, city and state.

In addition, Confidential Documents are prohibited from use for any purpose other than litigating this action.  See Sperry Rand Corp. v. Rothlein, 288 F.2d 245, 246, 249 (2d Cir. 1961) (finding that it is within court's discretion to limit documents obtained in discovery to the pending litigation); Cody v. N.Y. State Div. of Police, 2008 WL 3252081, at *4 (E.D.N.Y. 2008); Sherwin-Williams Co. v. Spitzer, 2005 WL 2128938, at *20 (N.D.N.Y. 2005).  Finally, such documents must be returned to defendant or destroyed at the conclusion of this litigation.  See McDonnell v. First Unum Life Ins. Co., 2012 WL 13933, at *3 (S.D.N.Y. 2012); Cody, 2008 WL 3252081, at *9; Sherwin-Williams, 2005 WL 2128938, at *21.

ORDER

Since this Court finds that certain documents produced in discovery may contain confidential private information for which special protection from public disclosure and from use for any

purpose other than litigating this action would be warranted, and good cause therefore exists for the modification of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure this Court orders as follows:

    1. "Confidential Documents" shall mean documents pertaining to non-party debtors.

    2. "Confidential Identifying Information" shall mean names, social security numbers, house numbers, street names, zip codes, email addresses, phone numbers and dates of birth of non-parties.

    3. In addition, this Order protects all copies, abstracts, charts, summaries, and notes made from material properly designated as Confidential. Nothing in this Order shall be construed as conferring blanket protection on all disclosures or responses to discovery or as constituting a determination of the relevance or admissibility of any discovery materials. A loan file number should not be designated "Confidential."

    4. As used herein, "Producing Party" shall mean the party requesting that a particular document or the information contained therein be deemed confidential, and "Receiving Party" shall mean any party who is not the "Producing Party," as defined herein, for that document or information.

    5. A Receiving Party and that party's attorneys shall not use Confidential Documents produced in discovery in the Action for any purpose other than the evaluation, preparation, presentation or settlement of claims or defenses in the Action.

6. Attorneys for a Receiving Party shall not disclose the Confidential Documents to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

a. Disclosure may be made for the purpose of preparing or presenting a party's claims or defenses in the Action.

b. Disclosure may also be made to an expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for trial of the Action, to a witness at a deposition or in preparation for testimony at a deposition or trial, or to the Court.

c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court or to a witness at a deposition), the Receiving Party's attorney shall provide each such person with a copy of this Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Documents for any purpose other than in connection with the prosecution, defense, or settlement of the Action and not to make further disclosure of the Confidential Documents, except in testimony taken in the Action. The attorneys for a Receiving Party making such disclosure shall retain the signed consent and furnish a copy to the Producing Party's attorney upon request at a deposition or

immediately before trial, although the name of an expert that the Receiving Party does not intend to call as a trial witness may be redacted from such a consent before it is produced.

    7.  The Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Documents, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that party's counsel.

    8.  If a Receiving Party objects to the designation of any Confidential Documents as confidential, he or she shall state such objection in writing to counsel for the Producing Party, and counsel shall in good faith attempt to resolve such conflict. If the conflict cannot be resolved among counsel, the objecting party shall, within 45 days of the initial objection, request the Court to remove the designation.  Any such materials or

information shall be treated as Confidential until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

    9.  Confidential Identifying Information must be redacted from filings with the Court.

    10.  Any party seeking to file papers with the Court that incorporate Confidential Identifying Information or reveal the contents thereof shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Identifying Information and shall indicate whether any other party objects to that request.  No materials shall be filed under seal unless the Court has issued an order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal.

    11.  The parties must use best efforts to minimize the number and extent of documents filed under seal.  For example, where the identity of a non-party is important to a discussion, a party may file under seal a document correlating the loan file number with the non-party's name.  Prior to seeking leave to file a document containing Confidential Identifying Information under seal, a party must determine whether the material that gives rise to a "Confidential" designation is relevant and necessary to the filing and whether redaction of the confidential information may eliminate the need for sealing the document.  If the information that is confidential is not relevant to the filing and there is

no need to seal the remainder of the document, the document should be filed unsealed, with the confidential information redacted.

12. Nothing in this Protective Order shall be construed to limit a Producing Party's use of its own Confidential Documents in any manner, or to limit the use of Confidential Documents or their contents to the extent that they are publicly available or have been provided to a party through other lawful means, such as a FOIL request.

13. This Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Documents are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the Confidential Documents, including all copies and non-conforming copies thereof, shall not be used by the Receiving Party for any purpose without prior Court approval.

14. Upon final termination of this litigation, each party that is subject to this Order shall assemble and return to the Producing Party all items containing the Producing Party's Confidential Documents produced in accordance with this Order, including all copies of such matter which may have been made, but not including copies containing notes or other attorney work

product that may have been placed thereon by counsel for the Receiving Party.  All copies containing notes or other attorney's work product shall be destroyed promptly after final termination by the Receiving Party who will so inform the Producing Party.  As an alternative to the return of all such Confidential Documents, the recipient may destroy such Confidential Documents.  Promptly after the return or destruction of items containing the Producing Party's Confidential Documents, the Receiving Party shall by letter certify that all items containing the Producing Party's Confidential Documents have been returned and/or destroyed, respectively.  Receipt of all material returned to the Producing Party shall be acknowledged in writing if requested by the Receiving Party and the Receiving Party has specified what has been returned by it.

    15.  The Court will retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.  Additionally, the Court reserves the right, in its sole discretion, to modify this Protective Order at any time.

    **SO ORDERED.**

Dated:     Brooklyn, New York
           July 25, 2013

                                        /s/_____
                                        MARILYN D. GO
                                        UNITED STATES MAGISTRATE JUDGE

## EXHIBIT A

The undersigned hereby acknowledges that (s)he has read the Protective Order issued in the action entitled Monserate Fernandez v. Peter J. Craig & Associates, P.C., et al., 12 CV 5168 (NG)(MDG), and understands the terms thereof.  The undersigned agrees not to use the Confidential Documents defined therein for any purpose other than as permitted by the Protective Order, and will not further disclose the Confidential Documents except in testimony taken in this case.

_____           _____
Date                                     Signature


_____
Print Name