UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

Monserate Fernandez,
        Plaintiff,

v.

Peter J. Craig & Associates, P.C.; DOES 1-5, inclusive,
        Defendants.

Civil Action No.: 1:12-CV-05168

DECLARATION

---

Peter J. Craig hereby declares under penalty of perjury as follows:

1. I am the sole attorney owner and principal of Peter J. Craig & Associates, P.C. (The "Firm"), the defendant in this action, and I am personally familiar with the facts and circumstances hereinafter recited.

2. I make this Declaration in support of the Firm's Motion To Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("FRCP").

3. On October 16, 2012, Plaintiff filed its complaint against the Firm alleging that the Firm had violated various provisions of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. §1692, *et seq.*, based upon a letter and File Balance Statement sent to the Plaintiff on or about August 22, 2012. (A copy of the letter and File Balance Statement is annexed hereto as Exhibit A; a copy of the Complaint is annexed hereto as Exhibit B.[1])

---

[1] The Complaint also sought declaratory relief and recovery under the New York General Business Law §601, *et seq.*, but that statute provides no private right of action. *See*, Conboy v. AT&T Corp., 241 F.3d 242, 257-58 (2d Cir. 2001), *citing* Varela v. Investors Ins. Holding Corp.,

4.     The underlying collection matter involved unpaid Perkins Loans taken out by the Plaintiff between September, 1994 and September, 1997, which the Firm was hired to collect on behalf of its client, the Rochester Institute of Technology ("RIT").

5.     The Complaint sought actual damages on the basis that the Firm's letter and File Balance Statement made the Plaintiff feel "threatened and intimidated", and also that he "felt a loss of control, and he felt angry and humiliated that a company was trying to get away with something that was unfair." (A copy of Plaintiff's May 11, 2013 Response To Interrogatory No. 3 is annexed hereto as Exhibit C.)

6.     The Complaint also sought additional discretionary statutory damages of up to $1,000, as well as costs and attorney's fees as provided for under the FDCPA (15 U.S.C. §1692 k(a)).

7.     Although the Complaint is styled as a class action, no motion for class certification has been made by the Plaintiff.

8.     Settlement discussions were conducted by the parties beginning shortly after issue was joined, and with the assistance of Magistrate Judge Marilyn D. Go thereafter.

9.     Judge Go conducted eleven (11) separate settlement conferences with the parties between April 25, 2013 and July 22, 2013, virtually all of which involved an attempted resolution of both the underlying collection action and this FDCPA suit.

10.    At a May 8, 2013 appearance before her, the Honorable Nina Gershon also encouraged the parties to consider a global resolution of both the pending FDCPA action and the underlying collection claim.

---

81 N.Y.2d 958 (N.Y. 1993).

11. A number of settlement offers were extended to the Plaintiff to that end; each was rejected.

12. Plaintiff consistently resisted the attempt to link the two matters for settlement purposes, and his attorney emphasized that he had been retained only to pursue Plaintiff's FDCPA claims, and that he was not representing Plaintiff in connection with the state court collection action on RIT's claim.

13. A payment agreement in the collection matter nevertheless was reached between the Plaintiff and RIT during the course of a July 9, 2013 settlement conference with the parties and Judge Go. The Firm had made representatives of RIT available for that purpose.

14. That same day -- immediately following the parties' settlement conference with Judge Go -- the Firm tendered its offer to finally resolve this action as well.

15. The Firm offered Plaintiff $1,001, plus costs, disbursements and reasonable attorney's fees. A copy of the Firm's offer is annexed hereto as Exhibit D.

16. Plaintiff did not accept the Firm's offer, even though it reflected the maximum recovery available to him under the FDCPA, and even though his attorney had previously indicated that payment of the $1,000 statutory damage award and reasonable attorney's fees "would be fine by him." (Transcript of May 8, 2013 Pre-Motion Conference at p.25, lines 16-18, annexed hereto as Exhibit E.[2])

---

[2]"THE COURT: So why don't you do the $1,000 and leave the attorneys fees issue to the Court?
MR. RAHMAN: That is fine with me."

17. To the contrary, on July 22, 2013 Plaintiff through counsel instead advised that

**The Plaintiff insists that the actions of the Defendant present an ongoing danger to the public. Regardless of whether a class is certified, the Plaintiff believes that the only way to address violations and prevent further danger to others is through a judgment on the public record.**

(Letter to the Hon. Marilyn D. Go from Hashim Rahman, Esq. dated July 22, 2013, annexed hereto in its entirety as Exhibit F.)

18. Plaintiff's concerns for "danger to the public" notwithstanding, because the Firm's offer of $1,001 plus costs, disbursements and reasonable attorneys fees exceeded the amounts recoverable by the Plaintiff, his own case and controversy was rendered moot.

19. The Firm thus brings this Motion to Dismiss Plaintiff's Complaint pursuant to FRCP 12(b)(1) because the Court now lacks subject matter jurisdiction over the Plaintiff's FDCPA claims.

20. Accordingly, the Firm respectfully requests an Order dismissing Plaintiff's Complaint and awarding such other, further and different relief as the Court deems just and proper.

Dated: Pittsford, New York
August 6, 2013

_____
Peter J. Craig, Esq.